IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AIDA RIVERA-SANTOS<br>Plaintiff<br><br>v.<br><br>PAULINE O'REARDON; HUDSON VALLEY FEDERAL CREDIT UNION<br>Defendants | Civil Case No. 24-1562 |

**ANSWER TO THE COMPLAINT**

**TO THE HONORABLE COURT**:

    **COMES NOW** Defendant Pauline O'Reardon ("O'Reardon" or "Defendant"), through the undersigned attorney, and very respectfully **STATES, ALLEGES** and **PRAYS** as follows:

**I.**    **RESPONSES TO PLAINTIFFS' ALLEGATIONS AS SET FORTH IN THE COMPLAINT**

As it concerns the allegations contained in the Complaint, and subject to the Affirmative Defenses set forth below, see part VIII *infra*, Defendant answers each paragraph in the same numerical order of the Complaint, as follows:

1. The allegation of Paragraph 1 of the Complaint is hereby denied as drafted. In addition, the allegations of Paragraph 1 of the Complaint are not addressed to the appearing party and assert legal conclusions to which no response is required, and Defendant therefore denies the allegations contained in said paragraph and refer all question of law to the Court.

**II.**    **PARTIES**

2. The allegation of Paragraph 2 of the Complaint is hereby admitted.

3. The allegation of Paragraph 3 of the Complaint is hereby admitted.

4. The allegation of Paragraph 4 of the Complaint is hereby denied for lack of information and/or belief upon which to form an opinion as to the veracity of the averments.

### III.   JURISDICTION AND VENUE

5. The allegations of Paragraph 5 of the Complaint is hereby admitted.

6. The allegations of Paragraph 6 of the Complaint is hereby admitted.

### IV.   FACTUAL BACKGROUND

7. The first sentence of Paragraph 7 of the Complaint is denied. The rest of the paragraph is admitted.

8. The allegation of Paragraph 8 of the Complaint is hereby admitted.

9. The allegation of Paragraph 9 of the Complaint is hereby denied as drafted.

10. The allegation of Paragraph 9 of the Complaint is hereby denied as drafted.

11. Paragraph 11 of the Complaint is denied for lack of information and/or belief upon which to form an opinion as to the veracity of the averments.

12. The allegation of Paragraph 12 of the Complaint is hereby denied as drafted.

13. The allegation of Paragraph 13 of the Complaint is hereby denied.

14. The allegation of Paragraph 14 of the Complaint is hereby denied.

15. The allegation of Paragraph 15 of the Complaint is hereby denied as drafted.

16. The allegations of Paragraph 16 of the Complaint are not addressed to the appearing party and do not require a responsive averment from the party herein responding. However, if this Court understands that the allegations of Paragraph 16 need to be addressed by the

appearing party, then said allegations and any inferences that may be derived from them are denied.

17. The allegation of Paragraph 17 of the Complaint is hereby denied as drafted.

18. The allegation of Paragraph 18 of the Complaint is hereby denied as drafted.

19. The allegations of Paragraph 19 of the Complaint are not addressed to the appearing party and do not require a responsive averment from the party herein responding. However, if this Court understands that the allegations of Paragraph 19 need to be addressed by the appearing party, then said allegations and any inferences that may be derived from them are denied.

20. The allegation of Paragraph 20 of the Complaint is hereby denied as drafted.

21. The allegation of Paragraph 21 of the Complaint is hereby denied as drafted.

22. The first sentence of the Paragraph 22 of the Complaint is admitted. The rest of the allegation is denied.

23. The allegation of Paragraph 23 of the Complaint is hereby denied as drafted.

24. Paragraph 24 of the Complaint is denied for lack of information and/or belief upon which to form an opinion as to the veracity of the averments.

V.   **CLAIMS FOR RELIEF**

25. The allegations of Paragraph 25 of the Complaint assert legal conclusions to which no response is required, and Defendant therefore denies the allegations contained in said paragraph and refer all question of law to the Court.

VI.   **PRAYER FOR RELIEF**

The Prayer of the Complaint regarding judgment against O'Reardon is hereby denied.

## VII.   JURY DEMAND

Plaintiff's demand for a jury by trial is hereby denied and/or challenged.

## VIII.  AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is time-barred by any and all applicable law and/or statute of limitations.

3. Any damages and/or monetary losses alleged in the Complaint were not caused by any act or omission of the Defendant.

4. The damages and/or monetary losses alleged by Plaintiff were not enhanced or aggravated by any acts or omissions of the Defendant or by any conduct attributable to the Defendant.

5. The damages and/or monetary losses alleged in the Complaint have been caused, in whole or in part, by Plaintiff's own actions or others acting on behalf and/or for the benefit of Plaintiff. Alternatively, Plaintiff's comparative negligence, or that of others acting on behalf and/or for the benefit of Plaintiff, was the efficient or adequate cause of the requested monetary losses.

6. The damages and/or monetary losses allegedly sustained by Plaintiff may have been caused entirely or significantly contributed to by negligent acts or omissions of third parties, natural persons and/or entities over which Defendant is not responsible, in law or otherwise, and over whom or which Defendant has no control and/or has no duty to exercise control over.

7. Plaintiff is barred from maintaining its claim against Defendant based on grounds of estoppel and/or waiver.

8. The damages and/or monetary losses allegedly sustained by Plaintiff, if any, were the result of an independent, intervening, and/or superseding cause for which Defendant may not and cannot be held liable.

9. Plaintiff has failed to mitigate their alleged damages and/or monetary losses.

10. The damages and/or monetary losses alleged in the Complaint are nonexistent, exaggerated and/or disproportionate and as such are not recoverable as a matter of law.

11. Upon information and belief, Plaintiff lacks "clean hands", and is thus barred or estopped from claiming from Defendant.

12. O'Reardon reserves the right to add or withdraw affirmative defenses or denials, including the right to file such additional defenses, counterclaims, crossclaims and/or third-party complaints as they may be discovered or identified as a result of further proceedings in the case.

**WHEREFORE,** it is hereby requested that this Honorable Court dismiss this action, with costs and attorney's fees taxed against Plaintiff.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of April 2025.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of this motion has been sent via the Court's CMF/ECF system to all attorneys who have filed appearances in this case.

| /s/ Saúl Suárez-Flores | /s/ Daniris Sánchez-Príncipe |
|---|---|
| Puerto Rico Bar No. 19112 | Puerto Rico Bar No. 22703 |
| USDC-PR Bar No. 300307 | USDC-PR Bar No. 309909 |
| saul.suarez@aslegalsolutions.com | daniris.sanchez@aslegalsolutions.com |